UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:18-CR-12-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| CHRISTOPHER LEE SERRANO, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Christopher Lee Serrano, proceeding *pro se*, faces an Indictment charging him with conspiring to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. *See* DE #15 (Indictment). Serrano moves the Court to dismiss the Indictment as to him "for lack of subject matter jurisdiction." DE #46 (Motion). The motion asserts three general dismissal theories. *See id.* The United States responded. DE #50 (Response). The matter is ripe for consideration.

*First*—Defendant argues that 18 U.S.C. § 3231's textual phrasing deprives the Court of jurisdiction. *See* DE #46-1, at 1 (Serrano differentiating between § 3231's "district courts of the United States" and "United States district courts"). This is frivolous. The Court properly has jurisdiction in this case, which charges an "offense[] against the laws of the United States." *See* § 3231; *see also* 28 U.S.C. § 97. The minor verbal variance between "district courts of the United States" and "United States district courts" makes no substantive difference; the terms are synonyms. *United States v. Bacon*, 884 F.3d 605, 609 (6th Cir. 2018) ("**Federal courts** have original jurisdiction to

1

adjudicate all offenses against the laws of the United States. 18 U.S.C. § 3231." (internal quotation marks removed; emphasis added)); *United States v. Stewart*, 306 F.3d 295, 321 (6th Cir. 2002) ("Pursuant to 18 U.S.C. § 3231, **district courts** 'have original jurisdiction ... over all offenses against the laws of the United States.'" (emphasis added)); *United States v. Harris*, 397 F.3d 404, 409 (6th Cir. 2005) ("**The district court** properly had jurisdiction under 18 U.S.C. § 3231 because Harris and Holmes were charged with violations of federal criminal law." (emphasis added)); *United States v. Pryor*, 842 F.3d 441, 447-48 (6th Cir. 2016); *United States v. Al-Maliki*, 787 F.3d 784, 791 (6th Cir. 2015); 28 U.S.C. § 132(a) ("There shall be in each judicial district a district court which shall be a court of record known as the *United States District Court* for the district.") (emphasis added).

*Second*—Serrano contends that a United States district court "is not a true United States Court established under Article III" and that "§ 3231 is not in effectuation with Article III, Section 1, of the Constitution." DE #46-1, at 1-2. These arguments, too, are wrong. *See Pryor*, 842 F.3d at 447-48 (rejecting Article III argument and citing, without perceiving infirmity with, § 3231);[1] *Al-Maliki*, 787 F.3d at 791 (enforcing § 3231, which properly "gives federal courts subject-matter jurisdiction over criminal cases."); *United States v. Penwell*, 455 F. App'x 181, 183-84 (3d Cir. 2011) ("The validity of § 3231 has

---

[1] The only law Serrano cites on this point is *Balzac v. Porto Rico*, 42 S. Ct. 343 (1922). *Balzac*'s statement that "[t]he United States District Court is not a true United States court established under article 3 of the Constitution to administer the judicial power of the United States therein conveyed," *id.* at 348, concerned the particularities, nearly a century ago, of the administration of justice *in Puerto Rico*. Defendant's "reliance on that 1922 case is misguided because in 1966 Congress replaced Puerto Rico's Article IV territorial court with an Article III court." *Vilanova-Delgado v. Ramirez*, No. 5:17-2381-RMG 3, 2017 WL 6622507, at *2 (D.S.C. Dec. 27, 2017). *Balzac* simply "is not about the source of this or any other Article III court's power." *United States v. Robertson*, No. 2:13-cr-141-JAD-VCF, 2014 WL 4956208, at *6-7 (D. Nev. Oct. 2, 2014).

been affirmed by every court to address it." (citing cases)); *United States v. Levy*, 849 F. Supp. 2d 1353, 1354-57 (S.D. Fla. 2012) (comprehensively collecting cases supporting the validity of § 3231).[2]

*Third*—Defendant argues that "21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 are both Constitutionally invalid." DE #46-1, at 2. This claim, like the others, inarguably flounders in the face of precedent. *See Pryor*, 842 F.3d at 447 (stating that §§ 841(a)(1) & 846 are "federal statutes properly passed by Congress"); *United States v. Martinez*, 253 F.3d 251, 256 n.6 (6th Cir. 2001) (declining "to find that 21 U.S.C. § 841 is unconstitutional"); *Gilbert v. United States*, 165 F.3d 470, 474 (6th Cir. 1999) ("Appellants' claim of facial unconstitutionality with regard to drug trafficking statutes was rejected by this Court in *United States v. Tucker*, 90 F.3d 1135, 1139-41 (6th Cir. 1996). As pointed out in that case, 'Drug trafficking is an 'economic enterprise' that substantially affects interstate commerce in numerous ways.' *Id.* at 1140.") (rejecting argument that "21 U.S.C. §§ 841(a) [and] 846[] are unconstitutional"); *United States v. Bell*, 90 F.3d 318, 321 (8th Cir. 1996) ("Courts have determined consistently . . . that § 841(a)(1) is a valid exercise of congressional Commerce Clause power." (collecting cases)); *United States v. Kim*, 94 F.3d 1247, 1250 & n.3 (9th Cir. 1996) ("[E]very circuit that has considered a Commerce Clause challenge to § 841(a)(1) . . . has upheld the

---

[2] In further substantiation of jurisdiction, *see United States v. Cerna*, 36 F.3d 1098, Nos. 94-1433, 94-1437, 1994 WL 542757 (6th Cir. Oct. 4, 1994) (table) (discussing subject matter jurisdiction over drug crimes, citing Article III, Section 2, and stating, "[t]he drug conspiracy crimes of which the Cernas were convicted constituted cases arising under the laws of the United States").

provision's constitutionality." (collecting cases)); *see also* 21 U.S.C. § 801 (setting forth jurisdictional findings relative to subchapter, including as to Part D).[3]

For these reasons, the Court **DENIES** DE #46.

This the 3d day of July, 2018.

Signed By:
*Robert E. Wier* REW
United States District Judge

---

[3] Indeed, the Sixth Circuit held, in *United States v. Collier*, 246 F. App'x 321, 337 (6th Cir. 2007), "Like § 860, § 841(a)(1) 'addresses a clearly commercial activity that has long been within federal power to regulate.'" (quoting *Tucker,* 90 F.3d at 1140). The statutes Serrano faces rest firmly on valid congressional power under the Constitution.